UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bernadette Scott,

                Plaintiff,        Case No. 23-10407

v.                                       Judith E. Levy
                                       United States District Judge
SCFR-HW-V, LLC,

                                       Mag. Judge Curtis Ivy, Jr.
                Defendant.

_____/

**ORDER VACATING ORDER TO SHOW CAUSE [10], SETTING ASIDE CLERK'S ENTRY OF DEFAULT [8] AND GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [15]**

On March 14, 2023, Plaintiff Bernadette Scott filed a certificate of service indicating that Defendant SCFR-HW-V, LLC was served on February 28, 2023. (ECF No. 4.) Defendant failed to timely file an answer or otherwise respond to the complaint by March 21, 2023. *See* Fed. R. Civ. Pro. 12(a)(1)(A)(i). On April 4, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute under Eastern District of Michigan Local Rule 41.2. (ECF No. 5.) Plaintiff responded and filed a request for a Clerk's entry of

default on April 10, 2023. (ECF Nos. 6, 7.) The Clerk entered a default the same day. (ECF No. 8.)

On April 27, 2023, the Court entered an order vacating its April 4, 2023 order to show cause and ordered Plaintiff to file a motion for default judgment by May 26, 2023. (ECF No. 9.) Plaintiff failed to timely file a motion for default judgment, and the Court issued a second show cause order on May 30, 2023. (ECF No. 10.) On June 2, 2023, Plaintiff filed a response to the Court's second order to show cause (ECF No. 14) and motion for leave to amend the complaint.[1] (ECF No. 15.)

In her response and motion, Plaintiff explains that "research into the Defendant and the property that is subject to this lawsuit" revealed that "Ruggero's purchased the property from Defendant SCFR-HW-V, LLC" and that "Defendant SCFR-HW-V, LLC[ ] has no further ownership or control over the property." (ECF No. 15, PageID.47; *see also* ECF No. 14, PageID.43–44.) Because of this change in ownership, Plaintiff asserts that "Ruggero's is the proper[ ] [defendant] in this matter as they have control over the property and would be the correct

---

[1] The Court struck the previous versions of Plaintiff's response and motion for failure to comply with Eastern District of Michigan Local Rule 5.1(a)(3). (ECF No. 13.)

2

entity to make any necessary repairs under the [American's with Disabilities Act]." (ECF No. 15, PageID.48, *see also* ECF No. 14, PageID.44.) As a result, Plaintiff seeks to file an amended complaint and substitute Ruggero's for Defendant SCFR-HW-V, LLC. (ECF No. 15, PageID.48–49; *see also* ECF No. 15-1.)

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). Here, the Court finds that it is in the interests of justice to allow Plaintiff to file an amended complaint. Because this case is still at an early stage, there will be no undue prejudice to current-Defendant SCFR-HW-V, LLC or proposed-Defendant Ruggero's as a

result of the amendment. As such, Plaintiff's motion to amend the complaint is granted.

"Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default for good cause, and the Court has considerable discretion to do so. . . . [T]he Court may act *sua sponte* to set aside the entry of default under Rule 55(c)." *Gold Crest, LLC v. Project Light, LLC*, No. 5:19-CV-2921, 2022 WL 2610495, at *1 (N.D. Ohio Feb. 8, 2022) (second alteration in original) (citations omitted). Because Plaintiff no longer seeks to pursue claims against SCFR-HW-V, LLC, the Court finds good cause to set aside the Clerk's entry of default.

Accordingly, the appropriate action has been taken and accordingly the Court's order to show cause has been satisfied and is therefore VACATED. (ECF No. 10.)

The Clerk's entry of default as to Defendant SCFR-HW-V, LLC is SET ASIDE. (ECF No. 8.)

Plaintiff's motion for leave to amend the complaint and substitute Ruggero's for Defendant SCFR-HW-V, LLC is GRANTED. (ECF No. 15.) Plaintiff must file her amended complaint by **July 17, 2023**.

IT IS SO ORDERED.

Dated: July 10, 2023          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2023.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager